**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GOMEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRINKER RESTAURANT CORPORATION, a Virginia Corporation; BRINKER INTERNATIONAL, Inc., a Delaware Corporation; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., a Delaware Limited Partnership and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:22-cv-09458<br><br>**CLASS ACTION COMPLAINT:**<br><br>**(1) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(2) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>**(3) WAGE STATEMENT VIOLATIONS (LABOR CODE §226 *et seq.*); and**<br><br>**(4) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*).**<br><br>**DEMAND FOR JURY TRIAL<br>UNLIMITED CIVIL CASE** |

Plaintiff Jesus Gomez ("Plaintiff"), hereby brings this Class Action Complaint ("Complaint") against Defendants Brinker Restaurant Corporation, a Virginia Corporation; Brinker International, Inc., a Delaware Corporation; Brinker International Payroll Company, L.P., a Delaware Limited Partnership, a California Corporation; and DOES 1 through 10, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class action for recovery of unpaid wages and penalties under Labor Code §§ 226 *et seq.*, 226.7, 512, 516, 558, California Business and Professions Code §17200, *et. seq.*, and Industrial Welfare Commission Wage Order No. 5 ("Wage Order 5"), in addition to seeking injunctive relief, declaratory relief, and restitution. This Court has jurisdiction over Defendants' alleged violations under the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1446, and 1453.

## VENUE

2. Venue is proper under 28 U.S.C. 1391 because Defendants do business in Los Angeles County and some of the acts alleged herein took place in Los Angeles County. Defendants are also subject to personal jurisdiction of this court pursuant to 28 U.S.C. 1391(c), because at least some of the operate businesses where they employed Plaintiff within the Central District of California.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained, lost money and/or property, and has been deprived of the rights guaranteed to him by the California Labor Code §§ 226 *et seq.*, 226.7, 512, 516, 558, California Business

and Professions Code § 17200 *et seq.* ("Unfair Competition"), and Wage Order 5 which sets employment standards for the public housekeeping industry which includes restaurants.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a chain of restaurants in Los Angeles County, California and the United States, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within Los Angeles County and, therefore, were (and are) doing business in Los Angeles County and the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and the County of Los Angeles, and was the employer of Plaintiff and the Classes (as defined in herein) because they (1) exercised control over the wages, hours, or working conditions of Plaintiff and the Classes; (2) suffered or permitted Plaintiff and the Classes to work; or (3) engaged Plaintiff and the Classes to work, thereby creating a common law employment relationship.

6. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

///

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and integrated/common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and integrated/common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members.

## GENERAL FACTUAL ALLEGATIONS

9. Defendants operate a chain of Chili's restaurants, with locations in Carson, California and the rest of California. Plaintiff has been employed by Defendants as a non-exempt employee from approximately February 2005 to the present. Plaintiff's job duties include preparing and cooking food for guests as well as cleaning grills and other equipment. Unless otherwise stated, all allegations contained herein occurred during Plaintiff's employment with Defendants.

10. During Plaintiff's employment with Defendants, Defendants regularly understaffed their restaurants resulting in Plaintiff and other non-exempt employees being unable to take legally required meal periods. As a result, Defendants regularly failed to provide Plaintiff with an uninterrupted 30-minute meal period commencing before the fifth hour of work. Additionally, on shifts when Plaintiff worked in excess of 10.0 hours, Defendants failed to provide Plaintiff with a second meal period in violation of California law. *See Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1037 ("Employers must afford employees

uninterrupted half-hour periods in which they are relieved of any duty or employer control and are free to come and go as they please.") Defendants also failed to provide Plaintiff with an additional hour of premium pay for each workday in which a meal period violation occurred, as required by Labor Code § 226.7.

11. Plaintiff was also not authorized and permitted to take a rest period for every 4 hours worked (or major fraction thereof) due to Defendants' unlawful rest period policies/practices. Specifically, Defendants' severe understaffing of the restaurant resulted in Plaintiff and other non-exempt employees not being able to take legally complaint rest periods in order to keep up with customer demand. Defendants also failed to provide Plaintiff with an additional hour of premium pay for each workday in which a rest period violation occurred, as required by Labor Code § 226.7.

12. As a result of Defendants' failure to pay all meal and rest period premium wages owed, Defendants maintained inaccurate payroll records, and issued inaccurate wage statements. Additionally, Defendants' wage statements are facially deficient because they do not include the name of the correct legal entity that employed Plaintiff and other non-exempt employees, in violation of Labor Code § 226(a).

## CLASS ACTION ALLEGATIONS

13. Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

   a. **Rule 23 Meal Period Class:** All current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours without a meal period of at least 30 minutes commencing prior to the end of the fifth hour of work, during the four years immediately preceding the filing of this action through the present.

   b. **Rule 23 Rest Period Class:** All current and former hourly non-exempt employees of Defendants in California who worked a shift

greater than 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present;

c. **Rule 23 Wage Statement Class**: All current and former non-exempt employees of Defendants in California who were issued a wage statement during the one year immediately preceding the filing of the Complaint through the present;

14. **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one-hundred (100) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

15. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    i.    Whether Defendants provided all legally compliant meal periods to members of the Meal Period Class;

    ii.   Whether Defendants authorized and permitted all legally compliant rest periods to members of the Rest Period Class;

    iii.  Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226.

16. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of failing to provide meal and rest periods. As such, these common questions predominate over individual questions

concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

17. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California and the United States during the statutes of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all legally complaint meal periods, rest periods, and was furnished with inaccurate and incomplete wage statements.

18. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

19. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy

would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

20. As such, the Classes identified in Paragraph 13 are maintainable under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act.

## FIRST CLAIM

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

21. Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide Plaintiff, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 5, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff at his respective regular rates of pay, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

///

23.  Plaintiff is informed and believe that Defendants maintained an unlawful, class-wide rest meal period policy, which failed to comply with the requirements of Wage Order 5.

24.  As a result of Defendants' unlawful, class-wide meal period policy, Plaintiff and members of the Meal Period Class were not provided with all meal periods to which they were entitled under California law. Defendants deprived Plaintiff and members of the Meal Period Class of legally compliant meal periods that they were entitled to as a result of Defendants' class-wide meal period policy. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Meal Period Class at their respective regular rates of pay.

25.  The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Meal Period Class in a civil action for the unpaid amount of meal period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 512, 558, and Civil Code §§ 3287(b) and 3289.

## SECOND CLAIM
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

26.  Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

27.  Wage Order 5, § 12 and California Labor Code §§ 226.7, 516, 558, and 1198 establish the right of employees to be authorized and permitted to take a paid rest period of at least ten (10) minutes net rest time for each four (4) hour period worked, or major fraction thereof.

28.  Plaintiff is informed and believe that Defendants maintained an unlawful, class-wide rest period policy, which failed to comply with the requirements of Wage Order 5.

29. As a result of Defendants' unlawful, class-wide rest period policy, Plaintiff and members of the Rest Period Class were not provided with all rest periods to which they were entitled under California law. Defendants deprived Plaintiff and members of the Rest Period Class of all rest periods that they were entitled to as a result of Defendants' class-wide rest period policy. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and the Rest Period Class at their respective regular rates of pay.

30. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## THIRD CLAIM

## WAGE STATEMENT VIOLATIONS

## (AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

32. Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish him and members of the Wage Statement Class with accurate and complete wage statements regarding the name of Plaintiff's employer, non-exempt employee's regular rates of pay, total gross wages earned, and total net wages earned, in violation of Labor Code § 226 *et seq*.

33. Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all

wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

34. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq.*, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 *et seq.* and 226.3.

## FOURTH CLAIM
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

36. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to provide Plaintiff and members of the Meal Period Class all legally compliant meal periods to which they were legally entitled to; (b) failing to provide Plaintiff and members of the Rest Period Class all rest periods to which they are legally entitled; and (c) knowingly failing to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements in violation of Labor Code § 226 *et seq*.

37. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff of compensation to which he was legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

38. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself, seeks full restitution of monies, as

necessary and according to proof, to restore all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

39. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

40. Plaintiff was compelled to retain the services of counsel to file this court action to protect Plaintiff's interests, to obtain restitution and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which Plaintiff is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as representative of the Classes;
3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;
4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;
5. Upon the Second Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;
6. Upon the Third Claim, for statutory penalties pursuant to Labor Code § 226 *et seq.*;
7. Upon the Fourth Claim, for injunctive relief and restitution to Plaintiffs and members of the Classes of all money and/or property

unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

8. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

9. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

10. For such other and further relief the Court may deem just and proper.

Dated: December 30, 2022

Respectfully submitted,
HAINES LAW GROUP, APC

By: /s/ Fletcher W. Schmidt _____
Fletcher W. Schmidt
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: December 30, 2022

Respectfully submitted,
HAINES LAW GROUP, APC

By: /s/ Fletcher W. Schmidt _____
Fletcher W. Schmidt
Attorneys for Plaintiff

CLASS ACTION COMPLAINT